IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CASH WATSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DOCKET NO. ___2:25-CV-292___ |
| | § | JURY DEMANDED |
| PINTAIL COMPLETIONS, LLC, | § | |
| PINTAIL ALTERNATIVE ENERGY, LLC, | § | |
| and MATTHEW HOUSTON | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Cash Watson, files this Original Complaint against Defendants, Pintail Completions, LLC, Pintail Alternative Energy, LLC, and Matthew Houston, and pleads as follows:

## SUMMARY

1.  This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") and the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.,* ("NMMWA") for Defendants' misclassification of Plaintiff, a "junior field engineer", as exempt from the overtime requirements of the FLSA and their failure to pay him time and one-half his regular rates of pay for all hours worked over 40 during each seven-day workweek.

2.  Plaintiff seeks to hold Defendants jointly and severally liable as "employers," as defined by 29 U.S.C. § 203(d).

## PARTIES

### A. Plaintiff, Cash Watson

3.      Plaintiff, Cash Watson ("Plaintiff" or "Watson"), is an individual resident of Yazoo City, Yazoo County, Mississippi, and a former employee of Defendants.

4.      Watson contemporaneously files herewith his written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

### B. Defendant, Pintail Completions, LLC

5.      Defendant, Pintail Completions ("PC"), is a Texas limited liability company, with its principal office at 6407A W. Industrial Ave., Midland, Texas 79706.

6.      PC maintains a yard in Midland, Texas from which it offers wireline services to the oil field industry.

7.      At all times relevant to this lawsuit, PC has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.      At all times relevant to this lawsuit, PC employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

9.    Furthermore, PC employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

10.    At all times relevant to this lawsuit, PC has had annual gross sales or business volume exceeding $500,000.

11.    PC may be served via its registered agent, Matthew T. Houston, at 6407A W. Industrial Ave., Midland, Texas 79706.

**C. Defendant, Pintail Alternative Energy, LLC**

12.    Defendant, Pintail Alternative Energy, LLC ("PAE"), is a Delaware limited liability company, registered to do business in the State of Texas, with its principal office at 1604 Winfield Road, Midland, Texas 79705.

13.    During all relevant times to this lawsuit, PAE did business in the State of Texas.

14.    At all times relevant to this lawsuit, PAE has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.    At all times relevant to this lawsuit, PAE employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

16.    Furthermore, Pintail employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

17.    At all times relevant to this lawsuit, Pintail has had annual gross sales or business volume exceeding $500,000.

18.    Pintail may be served via its registered agent, William L. Dismuke, at 2000 East Lamar Boulevard, Suite 500, Arlington, Texas 76006.

### D. Defendant, Matthew Houston

19.    Defendant, Matthew Houston ("Houston") is an individual resident of the State of Texas.

20.    Houston is PAE's President and, upon information and belief, sole owner, and at all times relevant to this Complaint, has had operation control over Defendants' operations, including (a) possessing and exercising the power to hire and fire employees; (b) supervising and controlling employee work schedules or conditions of employment; (c) determining the rate or method of payment; and (d) maintaining employment records. Therefore, Houston is an employer as defined by 29 U.S.C. § 203(d) and, along with PAE and PC, employed or jointly employed Watson.

21.    Houston may be served at 1604 Winfield Road, Midland, Texas 79705, or wherever he may be found.

22.    Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Because of Defendants' joint operating control over Watson, Defendants are responsible, jointly and severally, for compliance with all of the applicable provisions of the FLSA, including overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## JURISDICTION AND VENUE

23.    The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

24.    During all times relevant to this lawsuit, Defendants have done and continue to do business in the State of Texas and their principal offices are located in the State of Texas.

25.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely 29 U.S.C. §§ 201-219.

26.    Venue is proper in the United States District Court of New Mexico because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. Plaintiff was employed by Defendants in this District, and at all relevant times for at least a year.

**FACTUAL BACKGROUND**

27.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28.    Plaintiff worked as a "junior field engineer" for Defendants from approximately September 2021 until December 2021 and April 2022 to March 2025.  From September 2021 to December 2021 and fall 2023 to present, Plaintiff worked primarily in Texas.  However, from April 2022 through summer 2023, Plaintiff worked exclusively in New Mexico.

29.    Plaintiff primarily provided wireline oilfield services and related work as an employee of Defendants.

30.    Plaintiff's job duties were routine and primarily consisted of manual labor. He relied on his hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

31.    Plaintiff's primary job duties included driving or riding in the company provided pick-up trucks, preparing guns that shoot holes into the earth for hydraulic fracturing operations, cleaning equipment, rebuilding tools and equipment for wireline operations, rigging up and rigging down pressure control equipment for wireline operations, and communicating with his supervisors.

32.    Defendants provided Plaintiff with housing, typically at a hotel or "man-camp," depending on the specific location of his work in a given week.

33.    Plaintiff worked more than 84 hours per week. Specifically, Defendants scheduled Plaintiff for twelve-hour shifts; however, he typically worked 15 to 20 hours each workday. Plaintiff's typical workday started at the company provided housing where the crew assembles, loads tools, equipment and supplies, if needed, then together proceeds to drive to the jobsite, where they began their scheduled 12-hour shift.

34.    Because Plaintiff is paid on a salary basis, Defendants did not make, keep or require an accurate record of hours worked by Plaintiff on a daily basis.

35.    Plaintiff was informed he was an employee of PC, and all of the wireline trucks and job tickets have had PC's name written on them; however, Plaintiff's pay stubs had PAE's name on them.

36.    Defendants classified Plaintiff's position, as paid by salary, and did not pay him overtime for hours worked in excess of 40 in a given 7-day workweek. In addition, during that time frame, Plaintiff received regular bonuses tied to successfully completing servicing revenue. These amounts have not been factored into Plaintiff's regular rate when calculating his overtime.

## CLAIMS FOR RELIEF

### Count 1 – Violation of the FLSA

37.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

38.    All conditions precedent to this suit, if any, have been fulfilled.

---

39.    Defendants are/were joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40.    At relevant times, Defendants are/were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

41.    At relevant times, Defendants are/were enterprises engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

42.    Plaintiff was an employee of Defendants. 29 U.S.C. § 203(e).

43.    Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in a 7-day workweek. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325.

44.    Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every 7-day workweek during the time period relevant to this lawsuit. Further, Claimant's bonuses should be factored into his regular rate of pay for purposes of determining his overtime rate.

45.    Defendants did not make and keep an accurate record of all hours worked by Plaintiff as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

46.    Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were/are in violation of the FLSA.  Accordingly,

Plaintiff is entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one and one-half times his regular rate of pay (with his bonuses factored into his regular rate), plus liquidated damages, attorneys' fees, costs, post judgment interest and all other damages available.

47.     Plaintiff specifically pleads recovery for the time period of three years preceding the date of filing of this lawsuit forward for his FLSA claims.

**Count 2 – Violation of the NMMWA**

48.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

49.     At all times relevant to this lawsuit, Defendants have been employers within the meaning of NMSA 1978, § 50-4-21(B).

50.     At all times relevant to this lawsuit, Plaintiff was an employee of Defendants within the meaning of NMSA 1978, § 50-4-21(C).

51.     NMMWA requires payment of one and one-half times an employee's regular rate of pay for each hour worked over forty (40) per workweek. *See* NMSA 1978, § 50-4-22(D).

52.     Defendants failed to pay all wages due under the NMMWA by failing to pay Plaintiff overtime wages in each week that Plaintiff worked more than 40 hours. NMSA 1978, § 50-4-22(D).

53.     This conduct violated the NMMWA.

54.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from a loss of income and other damages.

55.     Pursuant to NMSA 1978, § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendants' continued course of conduct regardless of the date on which they occurred, including his unpaid wages, plus an amount equal to twice his unpaid wages, prejudgment interest, all cost in bringing this action, and all attorneys' fees.

## JURY DEMAND

56.     Plaintiff demands a jury trial on all matters properly triable thereto.

## DAMAGES AND PRAYER

57.     Plaintiff asks that he be awarded a judgment against Defendants, jointly and severally, for the following:

    a.     All damages allowed by the NMMWA;

    b.     All damages allowed by the FLSA;

    c.     Back wages;

    d.     Liquidated damages;

    e.     Attorneys' fees;

    f.     Costs and expenses;

    g.     Pre- and post-judgment interest; and

    h.     All other relief as the Court deems just and proper.

Dated March ___, 2025.

                                             Respectfully submitted,

By: */s/ Matthew N. Zimmerman*
       Matthew N. Zimmerman
       New Mexico Bar No. 149916
       mzimmerman@bustoslawfirm.com
       Brandon C. Callahan
       New Mexico Bar No. 152222
       bcallahan@bustoslawfirm.com
       Benjamin E. Casey
       Federal Bar No. 23-336
       bcasey@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
Telephone: (806) 780-3976
Facsimile:  (806) 780-3800

**ATTORNEYS FOR
PLAINTIFF CASH WATSON**

---

Plaintiff's Original Complaint