IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CASH WATSON,                                              §
                                                         §
        Plaintiff,                                       §
                                                         §
v.                                                       §
                                                         §          NO. 2:25-cv-00292-GBW-DLM
PINTAIL COMPLETIONS, LLC, PINTAIL                        §
ALTERNATIVE ENERGY, LLC, RPC,                           §
INC., and MATTHEW HOUSTON,                              §
                                                         §
        Defendants.                                      §

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Pintail Completions, LLC ("PC"), Pintail Alternative Energy, LLC ("PAE"), RPC, Inc. ("RPC"), and Matthew Houston ("Houston"), (referred to herein collectively as "Defendants" or "Pintail"), file this their Answer to Plaintiff's Second Amended Complaint ("Complaint"), and would respectfully show the Court the following:

Relative to each of the specific allegations in Plaintiff's Complaint, Defendants hereby respond in the following numbered paragraphs, each of which corresponds to the same numbered paragraph in the Plaintiff's Complaint.

## SUMMARY

1.      In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff seeks to bring a claim under the Fair Labor Standards Act and the New Mexico Minimum Wage Act but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

2.      In response to Paragraph 2 of the Complaint, Defendants deny that they are jointly and severally liable as "employers" under 29 USC § 203(d).

Defendants' Answer to Plaintiff's
Second Amended Complaint - Page 1                                              4259979

## PARTIES

**A. Plaintiff, Cash Watson.**

3.      In response to Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations and therefore the allegations are denied.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

**B. Defendant, Pintail Completions, LLC.**

5.      Defendants admit that PC is a Texas limited liability company. Defendants deny the remaining allegations in Paragraph 5 of the Complaint not specifically admitted.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.      Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations contained in Paragraph 11 of the Complaint.

**C. Defendant, Pintail Alternative Energy, LLC.**

12.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.      Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.      Paragraph 14 of the Complaint consists of legal allegations and need not be admitted or denied.  To the extent a response is required, the allegations are denied.

15.      Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.      In response to Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations and therefore the allegations are denied.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

**D. Defendant, RPC, Inc.**

19. Defendants admit that on or about April 1, 2025, RPC acquired PAE. Defendants deny the remaining allegations in Paragraph 19 of the Complaint not specifically admitted.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint consists of legal allegations and need not be admitted or denied. To the extent a response is required, the allegations are denied.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations and therefore the allegations are denied.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

**E. Defendant, Matthew Houston.**

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## **JURISDICTION AND VENUE**

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that, during all times relevant to this lawsuit, PAE and RPC have done and continue to do business in the State of Texas. Further, Defendants admit that, during all times relevant to this lawsuit, the principal office of PAE has been located in the State of Texas.

Defendants deny the remaining allegations in Paragraph 30 of the Complaint not specifically admitted.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**FACTUAL BACKGROUND**

33.     In response to Paragraph 33 of the Complaint, Defendants incorporate by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

34.     Defendants admit Plaintiff was a junior field engineer for PAE and that he worked sporadically for PAE in the three years before this lawsuit was filed. Defendants deny the remaining allegations in Paragraph 34 of the Complaint not specifically admitted herein.

35.     Defendants admit that Plaintiff provided wireline oilfield services and related work for PAE but deny the remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.     In response to Paragraph 37 of the Complaint, Defendants admit that on or about April 1, 2025, RPC acquired PAE. Defendants deny the remaining allegations in Paragraph 37 of the Complaint not specifically admitted.

38.     Defendants admit that RPC indirectly acquired the membership interests in PAE. Defendants deny the remaining allegations in Paragraph 38 of the Complaint not specifically admitted.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants admit that Plaintiff was paid on a salary basis.  Defendants deny the remaining allegations in Paragraph 44 of the Complaint not specifically admitted.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants admit the allegations contained in Paragraph 46 of the Complaint.

**Count 1 - Violation of the FLSA.**

47.    In response to Paragraph 47 of the Complaint, Defendants incorporate by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

48.    In response to Paragraph 48 of the Complaint, Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations and therefore the allegations are denied.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants admit that PAE and RPC were covered employers under the FLSA but deny the remaining allegations in Paragraph 50 of the Complaint.

51.    Defendants admit that PAE and RPC were enterprises engaged in commerce but deny the remaining allegations of Paragraph 51 of the Complaint.

52.    Defendants admit Plaintiff was an employee of PAE but deny the remaining allegations of Paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants admit PAE did not pay his overtime because he was an exempt employee but deny the remaining allegations of Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## Count 2 - Violation of the NMMWA.

58.     In response to Paragraph 58 of the Complaint, Defendants incorporate by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

59.     Paragraph 59 of the Complaint consists of legal allegations and need not be admitted or denied.  To the extent a response is required, the allegations are denied.

60.     Paragraph 60 of the Complaint consists of legal allegations and need not be admitted or denied.  To the extent a response is required, the allegations are denied.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint in that the NMMWA only requires payment of overtime to non-exempt employees.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## JURY DEMAND

66.     In response to Paragraph 66 of the Complaint, Defendants admit that Plaintiff has requested a trial by jury but deny that Plaintiff is entitled to a jury trial in this matter as he has previously waived his right to the same and agreed to arbitrate his claims against Defendants.

## DAMAGES AND PRAYER

67.     In response to Paragraph 67 of the Complaint and its subparts (a)-(h), Defendants admit that Plaintiff seeks that identified relief but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred in whole or in part because Plaintiff was exempt from the overtime under the FLSA executive exemption.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's claims for liquidated damages are barred because Defendants acted reasonably and in good faith that they had reasonable grounds to believe their actions complied with the FLSA.

4.      To the extent Plaintiff alleges unpaid wages and compensation under the FLSA for weeks more than two years prior to the filing of this action, such allegations are time-barred.

5.      Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, premises considered, Defendants Pintail Completions, LLC, Pintail Alternative Energy, LLC, RPC, Inc., and Matthew Houston, pray that this Court dismiss Plaintiff's Second Amended Complaint and that Plaintiff take nothing by this action.  Defendants pray for the recovery of their costs and attorneys' fees and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

_/s/ Jeff Kuhnhenn_

Jeff Kuhnhenn
Texas State Bar No. 24078809
**KELLY HART & HALLMAN LLP**
500 W. Illinois Ave., Suite 500
Midland, Texas 79701-4686
Telephone:  (432) 683-4691
Facsimile:  (432) 683-6518
Email:  jeff.kuhnhenn@kellyhart.com


Russell D. Cawyer
Texas State Bar No. 00793482 (Pro Hac Vice pending)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 878-3562
Facsimile:   (817) 335-2820
Email:  russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

On June 27, 2025, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the District of New Mexico, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


_/s/ Jeff Kuhnhenn_

Jeff Kuhnhenn


Defendants' Answer to Plaintiff's
Second Amended Complaint - Page 8                                                    4259979